IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| JANICE HILBURN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-5133-CV-SW-RED |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Janice Hilburn ("Hilburn") seeks judicial review of the Commissioner's denial of her request for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.,* and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq.*, as amended. Plaintiff has exhausted all of his administrative remedies, and pursuant to Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is

comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2006); *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Hilburn argues that (1) the ALJ failed to give proper weight to her medical evidence, (2) the ALJ should have found Hilburn's testimony credible, and (3) there is insufficient evidence to support the ALJ's conclusion that Hilburn had sufficient residual functional capacity for sedentary employment.

#### A. The ALJ Assigned Proper Weight to the Medical Evidence.

The ALJ discussed the notes and opinions of Dr. McMillin, Dr. Olive, Dr. Qureshi, Dr. Bond, Dr. Paul, Dr. Ash, and a series of physical and vocational therapists. The ALJ did not discuss Dr. McQueary's notes and comments, but the ALJ's decision need not discuss or cite every piece of evidence submitted at the hearing. *See Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998). Plaintiff cites only one occasion in which Hilburn visited Dr. McQueary, and the visit occurred at

the request of Hilburn's insurance company. The fact that the ALJ's decision does not discuss Dr. McQueary's notes does not mean that Dr. McQueary's remarks were not considered. *See id.*

Dr. McMillin, one of Hilburn's treating physicians, stated that Hilburn should seek "more office-type work" prior to the fusion surgery. (Tr. 174). After the fusion surgery, Dr. Olive, another of Hilburn's treating physicians, stated that Hilburn "is able to carry 15 pounds and can . . . do sedentary-type work." (Tr. 443). On April 29, 2003, Dr. Olive "discharged" Hilburn and noted that she had only "13 percent permanent partial impairment." (Tr. 441). In early 2004, Hilburn again complained about back pain. On June 17, 2004, Dr. Olive noted that he was "unable to explain [Hilburn's] symptoms . . . . Radiographically, her fusion appears to be solid." (Tr. 436).

The ALJ assigned proper weight to Hilburn's medical evidence, and the ALJ's decision is supported by substantial evidence on the record as a whole.

### B. The ALJ Properly Assessed Plaintiff's Credibility.

The ALJ properly followed the five-step sequential order of evaluation set forth above. While the ALJ did not cite *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) in his decision, the ALJ evaluated the factors set forth therein and looked at the evidence as a whole when evaluating Hilburn's credibility. The ALJ has discretion to evaluate the credibility of plaintiff's subjective testimony. *See Clark v. Chater*, 75 F.3d 414, 417 (8th Cir. 1996); *Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991). The ALJ evaluated the medical evidence and determined that it was inconsistent with Hilburn's testimony regarding her alleged limitations. (Tr. 18). The ALJ also noted that Hilburn is able to dress herself, take care of her personal needs, cook, clean, launder clothes, shop, watch TV, and care for her grandson. (Tr. 18). The ALJ noted that Hilburn was able to sit for 60 minutes at one time during the hearing, but she testified that she could not sit for longer

-4-

than 45 minutes. The ALJ acted within his discretion in discounting Hilburn's subjective testimony.

### C. The ALJ did not Err in Finding that Hilburn had Sufficient Residual Functional Capacity ("RFC") to Perform Sedentary Work.

The ALJ evaluated the medical evidence, testimony of vocational experts, and plaintiff's testimony and determined that Hilburn "retains the residual functional capacity to perform sedentary work, sitting up to 6 hours in an 8-hour day, standing and walking up to 2 hours in an 8-hour day, and lifting 10 pounds occasionally and 5 pounds frequently with occasional stooping and climbing stairs or ladders and no activities involving vibration." (Tr. 19). The ALJ evaluated Hilburn's capacity as demonstrated during numerous medical evaluations and her physical and mental capacity as demonstrated at the hearing. The ALJ's determination of Hilburn's RFC is supported by substantial evidence on the record as a whole.

The ALJ is allowed to rely upon a vocational expert's response to a hypothetical question if the "ALJ included in his hypothetical question substantial evidence reflecting the accurate medical status of the plaintiff to insure a credible response from the vocational expert." *Vasquez v. Schweiker*, 701 F.2d 733, 736 (8th Cir. 1983). The ALJ asked Mr. Wiseman, a testifying vocational expert, a hypothetical question. The ALJ generally described Hilburn's impairments and limitations to Mr. Wiseman. (Tr. 46-47). The ALJ then asked Mr. Wiseman whether a hypothetical person with these impairments and limitations could work as a secretary or receptionist. (Tr. 47-48). Wiseman indicated that such a person could work as a secretary or receptionist. (Tr. 47-48). Wiseman also testified that such a hypothetical person with Hilburn's education and experience could perform skilled and unskilled sedentary jobs as a telephone solicitor, telephone answering operator, clerical mailer, and semiconductor assembler. (Tr. 48-49). The ALJ's hypothetical question contained substantial evidence reflecting Hilburn's medical status. The ALJ was entitled

to rely upon Mr. Wiseman's response to the hypothetical question, along with other relevant evidence, in concluding that Hilburn retains the capacity for work existing in significant numbers in the national economy.

## IV. Conclusion

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby

ORDERED that the decision of the ALJ is AFFIRMED.

**IT IS SO ORDERED**.

DATE:	September 26, 2006	  */s/ Richard E. Dorr*
	RICHARD E. DORR, JUDGE
	UNITED STATES DISTRICT COURT